MASSACHUSETTS GENERAL HOSPITAL *vs.* CITY OF CHELSEA.

Suffolk.    May 11, 1962. — June 1, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER,
KIRK, & SPIEGEL, JJ.

*Public Welfare.    Needy Person.*

Under G. L. c. 117, § 24A, inserted by St. 1959, c. 584, a hospital which
admitted as a patient one needing hospitalization for his immediate
relief and claiming to be a pauper was entitled to recover from the city
of his residence the expense of care furnished him during the existence
of the emergency recognized by the hospital in admitting him, even
though at the time of his admission he owned an equity in property
worth a substantial amount.

CONTRACT.    Writ in the Municipal Court of the City of
Boston dated January 17, 1961.

The Appellate Division dismissed a report after a finding
for the defendant by *Adlow,* C.J.

*Albert G. Tierney, Jr.* for the plaintiff.

No argument nor brief for the defendant.

WHITTEMORE, J.    This case is similar to *Massachusetts
General Hospital* v. *Chelsea, ante,* p. 449.

There was evidence that on September 4, 1960, hospitali-
zation was necessary for the immediate relief of Joseph
Janiak of Chelsea, who claimed to be a pauper; that the
plaintiff furnished hospitalization to Joseph from Septem-
ber 4 to October 14, 1960, at the rate of $30.79 a day; that
on January 4, 1960, Joseph had conveyed real estate to his
son; and that the deed was recorded after Joseph's hos-
pitalization, that is, on September 15, 1960.

The judge found and ruled as follows: "I find that the
person to whom hospital care was furnished was the owner
of property with an equity worth at least $2,000 at time of
admission.    I do not find he was a needy person within the
meaning of the act."

This, read with other rulings given, we construe to be, in effect, a ruling that the hospital could not recover for the expenses of furnishing emergency relief to an apparent pauper on September 4 and for the duration of the emergency recognized in the acceptance of Joseph as a patient.

This was error for the reasons stated in the preceding case.

*Decision of Appellate Division*
*dismissing report reversed.*
*Decision is to enter vacating*
*the finding for the defendant.*